IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE M. MARSHALL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : 7:04-CV-123 (HL) |
| RUSTY EADISON and ATLAS COLD STORAGE, | : |
| Defendant. | : |

### ORDER

Defendants, Rusty Eadison and Atlas Cold Storage, have filed a Motion to Dismiss (Doc. 17), which requests the Court dismiss this case in its entirety and award Defendants the costs and fees incurred in bringing the motion. For the reasons set forth below, Defendant's Motion is granted in part and denied in part. Specifically, Plaintiff's claim against Defendant Eadison is dismissed with prejudice, and Plaintiff's claim against Defendant Atlas Cold Storage remains.

**I. FACTS**

Plaintiff filed his initial Complaint in this Court on November 1, 2004 after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) dated September 3, 2004. Plaintiff's initial Complaint listed only Rusty Eadison in the caption portion of the printed form provided to pro se plaintiffs, yet described the defendant as an employer of more than twenty individuals and consistently referred to the actions of Atlas

Cold Storage in addition to the actions of Eadison when describing the nature of the claim. A request for service on Eadison was directed to the United States Marshals Service on December 21, 2004.

Plaintiff then sought leave from the Court to amend his Complaint to include Atlas Storage as a defendant in the matter. Because Defendant Eadison had not yet filed a responsive pleading, the Court concluded Plaintiff did not need leave of court to amend his Complaint. The clerk was directed to provide Plaintiff with an additional complaint form, and Plaintiff returned the completed form, which amended his Complaint, on January 19, 2005. Plaintiff's Amended Complaint officially listed both Eadison and Atlas Cold Storage in the caption as defendants.[1]

A request for service on Atlas Cold Storage was directed to the United States Marshals Service on January 19, 2005. As service had not been perfected, Plaintiff filed a Motion for Personal Service on July 18, 2005. Before the Court could rule on Plaintiff's Motion,[2] a request for personal service on both Eadison and Atlas Cold Storage was directed to the United States Marshals Service on August 19, 2005.

**II. DEFENDANT EADISON**

Defendants argue that Plaintiff's claim against Defendant Eadison should be

---

[1]Travelers Indemnity Company was also listed; however, as its status is not relevant to this Motion, the Court will not address the issue.

[2]The Court found the request for personal service on Eadison and Atlas Cold Storage to be moot because the United States Marshals Service had already undertaken personal service. The Court denied Plaintiff's request as to Travelers Indemnity Company.

dismissed because Title VII of the Civil Rights Act does not provide for claims against an employer's agent in his or her individual capacity. The court agrees.

In Busby v. City of Orlando,[3] 931 F.2d 764 (11th Cir. 1991), the United State Court of Appeals for the Eleventh Circuit held, "Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not the individual employees whose actions would constitute a violation of the Act." Id. at 722 (citing Clanton v. Orleans Parish School Board, 649 F.2d 1084, 1099 n.19 (5th Cir. 1981)). See also Yeldell v. Cooper Green Hospital, Inc., 956 F.2d 1056, 1060 (11th Cir. 1992) (holding Title VII actions are not appropriately brought against government officials in their personal capacities); Hinson v. Clinch County Board of Education, 231 F.3d 821, 826 n.6 (11th Cir. 2000) (holding Plaintiff was barred from bringing a Title VII action against individual defendants).

Accordingly, as Title VII does not provide for a cause of action against individual employees, Plaintiff's claim against Defendant Eadison is dismissed with prejudice.

### III. DEFENDANT ATLAS COLD STORAGE

Defendants assert two separate arguments for dismissing Plaintiff's claim against Atlas Cold Storage: (1) Plaintiff did not file a timely complaint naming Atlas Cold Storage; and (2) Plaintiff failed to timely serve Atlas Cold Storage.

---

[3] Although Busby was decided prior to the 1991 Amendment to the Civil Rights Act, the Eleventh Circuit later affirmed Busby after the amendment in Cross v. Alabama, 49 F.3d 1490 (11th Cir.1995).

A. Timeliness of Plaintiff's Claim

Title VII requires a complainant to bring a civil action within ninety days of receiving a right-to-sue letter from the EEOC in order to bring a Title VII claim in federal court. 42 U.S.C. § 2000e-5(f)(1) (2000). When a plaintiff does not assert that he or she received the right-to-sue letter on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n1 (1984); Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th 2002); Seitsinger v. Reading Hospital and Medical Center, 165 F.3d 236, 239 (3rd Cir. 1999); Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2nd Cir. 1996).

Here, Plaintiff's right-to-sue letter was dated and mailed September 3, 2004. Because Plaintiff failed to assert the specific date on which he received the letter, the Court will presume that he received the letter three business days later or September 9, 2004.[4] Thus, Plaintiff must have filed his claim against Atlas Cold Storage no later than Dec. 8, 2004.

Although Plaintiff filed his original Complaint on November 1, 2004, Defendants argue that Atlas Cold Storage was not named in the Complaint. Defendants assert that Atlas Cold Storage was not a proper party until Plaintiff amended his Complaint on January 19, 2005. Therefore, Defendants' argue, Plaintiff's claim against Atlas Cold Storage is time barred.

---

[4] Rule 6 of the Federal Rules of Civil Procedure provides that when the period of time prescribed is less than eleven days, Saturdays, Sundays, and legal holidays are excluded. F.R.C.P. 6(a). In addition, the day from which the period of time begins to run is not included. Id.

Plaintiffs that proceed *pro se* are not excused from complying with the established statute of limitations, Moon v. Newsome, 863 F.3d 835, 837 (11th Cir. 1989), yet *pro se* pleadings must be liberally construed to prevent the loss of rights due to inartful expression. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Further, *a pro se* complaint "should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Accordingly, before the Court can even consider Plaintiff's Amended Complaint, it must be determined whether the original Complaint, liberally construed, named Atlas Cold Storage as a defendant.

Plaintiff's Complaint only names Defendant Eadison in the caption; however, several statements made in the Complaint suggest Plaintiff thought he was naming not only Eadison but also Atlas Cold Storage. First, the Complaint states that the defendant employs more than twenty people and lists "[f]ailure to promote me" as one of the complaints. The Complaint also indicates Plaintiff was employed by the defendant. These statements suggest Plaintiff was at least attempting to include Atlas Cold Storage as a defendant.

Moreover, Plaintiff's Complaint lists Eadison as an individual who "allegedly discriminated against [Plaintiff] during the period of [Plaintiff's] employment with the defendant company." Plaintiff was employed by Atlas Cold Storage when the alleged discrimination by Eadison occurred, therefore this language named Atlas Cold Storage as a defendant. Further, Plaintiff's right-to-sue letter, which was attached to and incorporated into Plaintiff's Complaint, named Atlas Cold Storage as the principal respondent.

Due to the abundant references to Atlas Cold Storage as a defendant, the Court finds

5

that Plaintiff's original Complaint, when liberally construed, named Atlas Cold Storage as a defendant. Accordingly, Plaintiff timely filed his claim against Atlas Cold Storage, and to the extent Defendants' motion seeks to dismiss the claim on this issue, the motion is denied.

### B. Untimely Service

Rule 4 of the Federal Rules of Civil Procedure provides that if service is not made upon a defendant within 120 days of the filing of the complaint, a court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). The Advisory Committee Notes further provide that "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." FED. R. CIV. P. 4 advisory committee's note.

While the delay in this case was not due to the resolution of Plaintiff's *in forma pauperis* petition, the delay was caused by Plaintiff's *in forma pauperis* status. Because the Court granted Plaintiff's petition to proceed *in forma pauperis*, the United States Marshals Service was charged with serving the defendants in this case. Pursuant to standard practices, the Marshals Service initially attempted service by mail. After the requisite time period for waiver of service had expired with no response from Defendants, the Marshals Service failed to attempt personal service. Although not required to do so, Plaintiff brought this apparent oversight to the Court's attention, and the Marshals Service promptly perfected personal service upon both Defendants. Thus, any delay in perfecting service was due to an

inadvertent mistake by the Marshals Service, not the Plaintiff. Therefore, because the Court finds good cause for the failure to timely serve Defendants and Defendants have now been properly served, the Court refuses to dismiss Plaintiff's claim due to untimely service.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's claim against Defendant Eadison is dismissed with prejudice and Plaintiff's claim against Defendant Atlas Cold Storage remains.

**SO ORDERED**, this the 22nd day of November, 2005.

                                      **/s/ Hugh Lawson**
                                      **HUGH LAWSON, Judge**

scs